**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CHARLES HEGGIE, )<br>)<br>   **Plaintiff,** )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL,[1] )<br>**Acting Commissioner of Social Security,** )<br>)<br>   **Defendant.** )<br>_____ ) | **CIVIL ACTION**<br><br>**No. 17-1013-JWL** |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding the Administrative Law Judge (ALJ) failed to apply the test from Frey v. Bowen, 816, F.2d 508, 517 (10th Cir. 1987) when considering the credibility of Plaintiff's allegations of symptoms, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the

---

[1]On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

## I.     Background

Plaintiff applied for DIB and SSI benefits, alleging disability beginning June 15, 2008. (R. 16, 246, 250). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He argues that the ALJ erred in weighing the medical opinions of his treating psychiatrist and the non-examining state agency psychologists, and that he erred in failing to apply the Frey test.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

    The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner

assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ failed to apply the Frey test when considering the credibility of Plaintiff's allegations of symptoms resulting from his impairments.  Because failure to apply the correct legal standard requires remand, the court need not consider whether the record evidence supports the ALJ's evaluation of the medical opinions.  Plaintiff may make arguments in this regard on remand.

## II.     Application of the Frey Test in the ALJ's Credibility Determination

Plaintiff claims the ALJ did not correctly apply the Frey test when evaluating his credibility.  (Pl. Br. 17).  He argues that his "non-compliance with prescription

medication was largely the result of a lack of finances and his mental impairments." Id. 18.  Plaintiff argues that his failure to take his medication was therefore justifiable, and in any case the ALJ misconstrued the burden of proof and the ALJ's duty to develop the record.  Id. at 19-20 (citing Andrews v. Colvin, 13-1409-JWL, 2015 WL 225764, at *4 (D. Kan. Jan. 16, 2015)).  He argues that the ALJ also failed to consider whether his non-compliance was attributable to his mental impairments, and that an agency employee suggested "his marginal compliance seems to be reasonably caused by his depressive" symptoms.  Id. at 20 (citing Pate-Fires v. Astrue, 564 F.3d 935, 946 (8th Cir. 2009); and quoting R. 522).  Finally, Plaintiff argues that the ALJ failed to consider whether the treatment would restore his ability to work.  (Pl. Br. 21).

The Commissioner argues that the ALJ properly considered Plaintiff's non-compliance and gave other good reasons to discount Plaintiff's allegations of symptoms.  She points out that credibility determinations are the province of the finder of fact and the court will not upset such determinations that are supported by substantial evidence.  (Comm'r Br. 7) (citing Diaz v. Sec'y of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990)).  The Commissioner argues that the Frey test applies only in situations where a claimant is found disabled but denied benefits because he has not complied with prescribed treatment or medications, that "the ALJ did consider and discuss the reasons Plaintiff gave for failing to take his medication," and the ALJ provided numerous other reasons which in themselves justify discounting the credibility of Plaintiff's allegations.  (Comm'r Br. 8) (citing Soc. Sec. Ruling (hereinafter SSR) 82-59 and SSR 96-7p).  She

argues that in the context of assessing credibility, an ALJ need not "consider whether treatment would restore an individual's ability to work," and consequently the four-part test from SSR 82-59 is not applicable in this case.  Id.  Moreover, she argues that contrary to Plaintiff's suggestion, the ALJ considered and discussed the reasons Plaintiff provided for his non-compliance.  Id. 8-9.

### A.     The "Frey Test"

In Frey v. Bowen, 816, F.2d 508 (10th Cir. 1987), the court stated what has become known as "the Frey test:"  "In reviewing the impact of a claimant's failure to undertake treatment, . . . [the court] consider[s] four elements: (1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse."  Id. at 517.  In Frey, the ALJ found Plaintiff's allegations of symptoms incredible, among other things, because of a "lack of pain medication."  Id. at 515.  The court found the ALJ's reliance on the failure to take pain medication was erroneous because the unrefuted testimony of two treating physicians indicated that pain medication "was contraindicated because of the side effects of stomach irritation."  Id.

A few years later, the Tenth Circuit considered the issue again.  Thompson v. Sullivan, 987 F.2d 1482 (10th Cir. 1993).  In Thompson, the facts reveal that the plaintiff took prescription medication for awhile but quit because she could not afford it, and later stopped seeing the doctor because she could not afford that.  Id. at 1486.  The court

6

applied the Frey test to "the claimant's failure to pursue treatment or take medication." Id. at 1490.

In 2000, the Tenth Circuit visited a similar issue in which the ALJ found the plaintiff incredible, in part, because of a failure to take pain medication for allegedly severe pain. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Plaintiff argued this finding was error because "he took pills his friends gave him," although he did not know what he was taking, and did not indicate the frequency with which this occurred, and he argued that the Frey test should have been applied. Id. The court found the Frey test inapposite "because Frey concerned the circumstances under which an ALJ may deny benefits because a claimant has refused to follow prescribed treatment." Id. In Qualls, the court distinguished Frey:"

> The ALJ here did not purport to deny plaintiff benefits on the ground he failed to follow prescribed treatment. Rather, the ALJ properly considered what attempts plaintiff made to relieve his pain--including whether he took pain medication--in an effort to evaluate the veracity of plaintiff's contention that his pain was so severe as to be disabling.

Id.

In Goodwin v. Barnhart, 195 F. Supp. 2d 1293, 1296 (D. Kan. 2002), a court in this district synthesized these two seemingly divergent positions taken by the Tenth Circuit in such cases:

> The court has no trouble reading Qualls so as to be consistent with Thompson. The claimant in Qualls argued "that the ALJ erred in relying on plaintiff's failure to take medication for severe pain" because there was evidence that he took pain pills from friends and because the ALJ did not have the evidence necessary to consider the Frey factors. 206 F.3d at 1372.

> As the Tenth Circuit observed, the credibility issue in Qualls was not whether the claimant had refused to follow prescribed treatment but whether he had attempted to relieve his pain, "including whether he took pain medication." Id. Thus, the panel in Qualls did not consider the rule from Thompson, as the ALJ had not denied benefits because the claimant had refused "to follow prescribed treatment." Id.

Goodwin, 195 F. Supp. 2d at 1296; see also, Allen v. Apfel, No. 99-3249, 2000 WL 796081, *3 (10th Cir. June 21, 2000) (reaching the same distinction); Piatt v. Barnhart, 231 F. Supp. 2d 1128, 1129 (D. Kan. 2002) (applying Goodwin, and finding the Frey test should have been applied); and Billups v. Barnhart, 322 F. Supp. 2d 1220, 1226 (D. Kan. 2004) (citing Goodwin, and finding the Frey test unnecessary).

## B.     The ALJ's Findings Regarding Failure to Pursue Treatment

In evaluating the credibility of Plaintiff's allegations of symptoms resulting from his impairments, the ALJ found that he "regularly stopped taking his medications despite repeatedly reporting they were effective" because he "forgot to go in and pick them up," and because "he did not see the point in taking them." (R. 23). He reasoned that "an inability to afford medical treatment does not equate to a finding of disability," and that the record does not show that Plaintiff explored all possible resources "in order to obtain medical services, as required by SSR 82-59." (R. 25). Finally, the ALJ found that Plaintiff's "prescribed psychiatric medication was generally effective but the claimant regularly did not take it, which shows that the claimant himself does not find his mental symptoms so severe and disabling as to require continuing the treatment and medication prescribed for him." Id.

### C.   Analysis

The ALJ's finding that Plaintiff "regularly stopped taking his medications despite repeatedly reporting they were effective" because he "forgot to go in and pick them up," and because "he did not see the point in taking them" (R. 23) is clearly a finding that Plaintiff failed or refused to follow prescribed treatment without justifiable excuse, in violation of parts 2 (prescribed treatment), 3 (refused), and 4 (no justifiable excuse) of the Frey test.  However, the ALJ made no acknowledgment or discussion of part 1, whether the medication would restore Plaintiff's ability to work.  Moreover, the court discerns no consideration by the ALJ of whether Plaintiff's forgetting his medications or failing to see the point of taking them may be the result of his mental impairment itself and therefore justifiable, in that the ALJ recognized that Plaintiff was diagnosed with a "variety of [mental] impairments" including bipolar depression, history of schizophrenia, and anxiety disorder.  (R. 22).

The Commissioner's argument that the test from SSR 82-59 (and implying the Frey test) does not apply here fails for two reasons.  First and foremost, the court in Frey did not rely on, refer to, or cite to SSR 82-59 when reaching its decision regarding application of the four-part test.  This court is without authority to ignore the holding of the Frey court in favor of what it might view as a better interpretation of the law.  Moreover, the ALJ in this case specifically cited to and relied upon SSR 82-59 in finding that inability to afford treatment did not equate to disability and that Plaintiff did not explore all possible sources of medical services.  (R. 25).  The Commissioner's argument

9

that SSR 82-59 does not apply implies that the ALJ erred in applying it, and is merely one more reason to remand for a proper evaluation of the credibility of Plaintiff's allegations.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 1st day of February 2018, at Kansas City, Kansas.

                                                s:/ John W. Lungstrum
                                                **John W. Lungstrum**
                                                **United States District Judge**